# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HEDY REBECCA DEPABLOS,
ANGEL SALAS,
YOLEIDA GALIANO,

                    **Plaintiffs,**

-vs-                                                    Case No.  6:08-cv-7-Orl-DAB

THE HEAVENS BREAD, LLC, d/b/a
Venezia Bakery & Cafe,
OSWALDO J. PEREZ, SR.,

                    **Defendants.**

_____

## ORDER

This cause came on for consideration of the parties' settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); Doc. No. 24.  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff Hedy Rebecca Depablos' Responses to Court Interrogatories, Plaintiff Depablos was employed by Defendants from August 9 to 28, 2007 as a manager.  Doc. No. 14 at 3. The settlement to Plaintiff of $3,240.90 in unpaid wages represents the full disputed amount Plaintiff sought; in addition, she will receive $759.10 as interest and additional consideration for a full release. Doc. Nos. 14, 26-2.

There was an issue as to whether Plaintiff was entitled to $15 per hour as she contended she was promised or whether she had been offered a salary; the settlement to her represents a compromise of the issue.  Defendants also raised the issue affecting all three Plaintiffs' claims as to whether the new baker was covered as an employer under the FLSA.  All three Plaintiffs received the full amount of the unpaid or overtime wages sought, although smaller amounts for what is described in the settlement as "interest and additional consideration for a full release", rather than liquidated damages.

Based on Plaintiff Angel Salas's Responses to Court Interrogatories, Plaintiff Salas was employed by Defendants as a baker from August 27 to November 6, 2007.  Doc. No. 14 at 5.  The settlement to Plaintiff Salas of $650.00 in overtime wages represents the full disputed amount Plaintiff sought; in addition, he will receive $245 as interest and additional consideration for a full release. Doc. Nos. 14, 26-2.

Based on Plaintiff Yoleida Galiano's Responses to Court Interrogatories, Plaintiff Galiano was employed by Defendants as a manager from August 9 to November 10, 2007. Doc. No. 14 at 7. The settlement to Plaintiff of $560.00 in overtime wages represents the full disputed amount Plaintiff sought; in addition, she will receive $245 as interest and additional consideration for a full release. Doc. Nos. 14, 26-2.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,300 in attorney's fees and costs. Doc. No. 26-2. Plaintiffs' counsel, Konstantine Pantas estimated that his firm had accrued approximately $6,000 in fees in the case for the three Plaintiffs collectively; he stated that, although there was no discovery, the case took awhile to settle and there were many conferences between counsel. He estimated costs to be $580.20, which would result in fees of $3,719. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement to Plaintiff Depablos in the amount of $4,000, to Plaintiff Salas in the amount of $895, and to Plaintiff Galiano in the amount of $805; and $4,300 for attorney's fees and costs is a fair and reasonable settlement. Accordingly, the Court accepts the settlement as a "fair and reasonable resolution of a bona fide dispute" under the FLSA. The Clerk is **DIRECTED** to close the file. Either party may move to reopen the case for issues related to the settlement within thirty (30) days of this Order.

**DONE** and **ORDERED** in Orlando, Florida on September 3, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record